IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY HISTON, | ) | No. C 11-5210 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Kelly Mitchell, an Associate Warden at San Quentin State Prison ("SQSP"). Plaintiff is granted leave to proceed in forma pauperis in a separate order. The Court now reviews the complaint and orders it served upon Mitchell.

**DISCUSSION**

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Legal Claims

Plaintiff alleges that Mitchell illegally confiscated his legal property.  As a consequence of not having his legal papers, Plaintiff missed a deadline for filing a petition for a writ of certiorari to the United States Supreme Court.  He was subsequently given back his legal papers, but by then it was too late to file the cert petition.  Plaintiff claims that Mitchell's actions violated his rights to due process and to access the courts.

Plaintiff's right to due process is not implicated by the allegedly illegal confiscation of his property.  If the deprivation of property was random and unauthorized, neither the negligent nor intentional deprivation of property states a due process claim under Section 1983.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  *See Zinermon v.*

*Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't. Code §§ 810-895). Accordingly, Plaintiff's allegations that the unauthorized deprivation of his personal property violated his right to due process does not state a cognizable claim under Section 1983.

Plaintiff's allegations, when liberally construed, do state a cognizable claim for the violation of his constitutional right of access to the courts, however.

**CONCLUSION**

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon the Kelly Mitchell, an Associate Warden at San Quentin State Prison.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office of the Northern District of California.

The Clerk shall also serve a copy of this order on Plaintiff.

2. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so**

1 **inform the Court prior to the date the summary judgment motion is due**.

2      All papers filed with the Court shall be promptly served on the Plaintiff.

3       b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with

4 the court and served upon defendants no later than thirty days from the date of service of

5 the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

6 which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

7 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

8      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed

9 to exhaust his available administrative remedies, plaintiff should take note of the

10 attached page headed "NOTICE -- WARNING (EXHAUSTION)."  *See Wyatt v.*

11 *Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

12       c.  Defendants shall file a reply brief no later than **fifteen (15) days** after

13 Plaintiff's opposition is filed.

14       d.  The motion shall be deemed submitted as of the date the reply brief is

15 due.  No hearing will be held on the motion unless the Court so orders at a later date.

16      4.  Discovery may be taken in accordance with the Federal Rules of Civil

17 Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or

18 Local Rule 16 is required before the parties may conduct discovery.

19      5.  Extensions of time are not favored, though reasonable extensions will be

20 granted.  Any motion for an extension of time must be filed no later than **five** days prior

21 to the deadline sought to be extended.

22      6.  All communications by Plaintiff with the Court must be served on Defendant,

23 or Defendant's counsel once counsel has been designated, by mailing a true copy of the

24 document to Defendant or Defendant's counsel.

25 //

26 //

27

28

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  November 2, 2011

_____
JEFFREY S. WHITE
United States District Judge

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING  (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    LARRY HISTON,                              Case Number: CV11-05210 JSW

7              Plaintiff,                       **CERTIFICATE OF SERVICE**

8      v.

9    KELLY MITCHELL et al,

10             Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13

14   That on November 2, 2011, I SERVED a true and correct copy(ies) of the attached, by placing
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
     depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
     delivery receptacle located in the Clerk's office.

15

16

17
     Larry Histon
18   J79124
     San Quentin State Prison
19   San Quentin, CA 94974

20   Dated: November 2, 2011

21                                             Richard W. Wieking, Clerk
                                               By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28
                                              7